UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURTON DAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WANDA KILLIAN, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-00679-MJS<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 7)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Burton Day, a civil detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2013. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.)

On October 31, 2013, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 6.) Plaintiff's First Amended Complaint (ECF No. 7) is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  Landis v. North

American Co., 299 U.S. 248, 254-55 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1991), cert. denied, 506 U.S. 915 (1992).  Accordingly, this Court screens all complaints filed by plaintiffs in propria persona to ensure that the action is not frivolous or malicious, states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies Wanda Killian, Program Director, Central California Forensic Conditional Release Program (CONREP), and Chris Chapa, Anka Behavioral, Inc, as Defendants.

Plaintiff alleges the following:

Defendant Killian moved Plaintiff from independent living to a room and board situation in retaliation for Plaintiff having filed various grievances.  The move served no legitimate purpose.  Plaintiff was forced to live with low functioning roommates, his rent increased, and he was required to contribute money for a communal pantry.  The move caused Plaintiff to lose valuable furniture.

Plaintiff asserts that the Defendants violated his First and Fourteenth Amendment rights.  (Compl. at 4, 5.)

### IV. ANALYSIS

#### A. Section 1983

2

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Retaliation

The amended complaint is brief and more fragmented than Plaintiff's original pleading. The Court is able to discern the basis for Plaintiff's assertion that Defendant Killian imposed arbitrary rental obligations in retaliation for Plaintiff's exercise of his First Amendment right to file grievances.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); and Short v. Sanzberro, 2009 WL 5110676, *5 (E.D. Cal. Dec. 18, 2009) ("Civil detainees are protected from retaliation by the First Amendment."). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The amended complaint alleges that Defendant Killian imposed punitive conditional release terms in retaliation against Plaintiff for filing grievances. Filing a grievance is a First Amendment protected activity. Valandingham, 866 F.2d at 1138. Plaintiff alleges that he filed a "grievance originally concerning the exorbitant amount for rent for the first room and board situation." (Compl. at 8.) The grievance, attached as an exhibit to the amended complaint, addresses some of the terms that Plaintiff asserts are retaliatory. (Id. at 9 and 10.) The Court previously explained that if the punitive conditional release terms are the subject of Plaintiff's grievance then they necessarily could not have been motivated by Plaintiff having filed a grievance. The amended complaint does not identify a grievance that preceded an adverse act. Plaintiff has failed to state a claim because his allegations do not demonstrate that a grievance was the substantial or motivating factor in Defendant Killian's decision to impose punitive conditional release terms. Brodheim, 584 F.3d at 1271 (citing Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).

The Court will grant Plaintiff one final opportunity to amend because his allegations are so fragmented. Should he choose to amend, Plaintiff must carefully set out the relevant factual allegations in chronological order. He must identify each adverse act, the Defendant responsible, and explain how the protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The amended complaint contains no factual allegations describing Defendant Chapa's role.

Finally, exhibits may be incorporated by reference, but the Court will not examine documents without any direction to establish elements of Plaintiff's claim. Plaintiff must allege the underlying facts of his claim in a clear and concise manner so the Court can easily identify each element of Plaintiff's retaliation claim. The Court strongly encourages Plaintiff to supply facts satisfying each element of the claim step by step.

### B. Fourteenth Amendment

Plaintiff also alleges an unspecified Fourteenth Amendment claim and cites United States v. Woods, 995 F.2d 894 (9th Cir. 1993) for support. Woods dealt with a federal prisoner challenging the revocation of his conditional release based on insufficient process. Plaintiff does not explain how Woods is controlling in any way to his claims.

The Court will grant Plaintiff leave to amend and more fully explain the basis for his Fourteenth Amendment claim.

### V. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one final opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed December 2, 2013;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   December 28, 2013          /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28