UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURTON DAY,<br><br>         Plaintiff,<br><br>    v.<br><br>WANDA KILLIAN, et al.,<br><br>         Defendants. | CASE NO. 1:13-cv-00679-MJS<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM<br><br>(ECF NO. 9)<br><br>CLERK SHALL CLOSE THE CASE |

## **SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Burton Day, a civil detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2013.  (ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 7) were screened and dismissed, with leave to amend, on October 31, 2013 and December 30, 2013, respectively, for failure to state cognizable claims.  (ECF Nos. 6 and 8.)  Plaintiff's Second Amended Complaint (ECF No. 9) is now before the Court for screening.

1

## II. **SCREENING REQUIREMENT**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-55 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1991), cert. denied, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs in propria persona to ensure that the action is not frivolous or malicious, states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## III. **SUMMARY OF SECOND AMENDED COMPLAINT**

The Second Amended Complaint identifies Wanda Killian, Program Director, Central California Forensic Conditional Release Program (CONREP), and Steven Chase, Social Worker, CONREP, as Defendants.

Plaintiff alleges the following:

On approximately June 14, 2012 and again on June 21, 2012, Plaintiff filed a grievance complaining that he was being forced to live with "low-functioning and irresponsible roommates" during his conditional release in CONREP. On or about June 22, 2012, Defendant Chase, Plaintiff's assigned social worker, responded by raising problems with Plaintiff's desired living arrangement. He stated that Plaintiff had agreed

to live in the CONREP approved residence as part of the terms of his conditional release and that Plaintiff was not yet ready to live on his own. Defendant Chase reported that the CONREP treatment team had denied Plaintiff's request to move out or be assigned a different roommate. (Compl. at 5-7.)

The assertion that Plaintiff was not ready to live on his own contradicts a previous statement by Defendant Chase, in a quarterly progress report dated March 14, 2012, where he reported that "[Plaintiff] has demonstrated the ability to manage his funds and maintain his residence on his own with little or no assistance." (Id. at 12.) Defendant Chase filed the negative grievance responses in retaliation against Plaintiff for exercising his First Amendment rights. (Id. at 5.)

On August 1, 2012, Defendant Killian transferred Plaintiff from a two bedroom apartment with a single roommate into a two bedroom duplex with three roommates. Other clients in Plaintiff's former apartment complex moved into a nicer duplex. Plaintiff was the only client moved who received only a single day's notice instead of a full week. (Id. at 15.) Plaintiff was also forced to pay a higher share of the rent and contribute to a communal pantry. (Id. at 15, 16.) Some of the clients with less experience were allowed to live on their own while Plaintiff was forced to move into shared living. (Id. at 16.)

**IV.    ANALYSIS**

    **A.    Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.  Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); and Short v. Sanzberro, 2009 WL 5110676, *5 (E.D. Cal. Dec. 18, 2009) ("Civil detainees are protected from retaliation by the First Amendment."). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The amended complaint alleges that Defendant Chase filed a negative grievance response containing false statements and Defendant Killian imposed punitive conditional release terms in retaliation against Plaintiff for filing grievances. Filing a grievance is a First Amendment protected activity. Valandingham, 866 F.2d at 1138. However, the allegations set forth in the amended complaint are not sufficient to establish that Plaintiff's grievances were the substantial or motivating factor behind the Defendant's conduct. Brodheim, 584 F.3d at 1271 (citing Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).

Defendant Chase replied to Plaintiff's grievances according to CONREP procedure. The fact that Plaintiff's complaint necessitated a response and that response

disagreed and rejected Plaintiff's proposal does not equate to retaliation. In this Circuit, Plaintiff need "only put forth evidence of retaliatory motive that, taken in the light most favorable to him, presents a genuine issue of material fact as to" Defendant's motivation. Id. (citing Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003)) (internal quotation marks omitted). The response authored by Defendant Chase raises seemingly valid arguments addressing the merits of Plaintiff's request. The fact that his statement regarding Plaintiff's fitness to live alone is inconsistent with a previous statement made months prior does not establish that the Defendant's response was fueled by an improper motive.

Defendant Killian was allegedly responsible for imposing a series of unfair living conditions that disproportionately affected Plaintiff. These terms were instituted months after Plaintiff's grievances and the amended complaint offers no factual allegations suggesting they motivated Defendant Killian. The mere possibility that either Defendant was motivated by Plaintiff's grievances is not sufficient to state a claim. Iqbal, 129 S.Ct. at 1949-50.

Plaintiff has not identified facts to support his conclusion that the Defendants were motivated by his exercise of First Amendment protected rights. As such, it fails to state a claim.

The Court has twice previously instructed Plaintiff on the applicable legal standards for pleading such claims and invited him to allege true facts bringing his case within those standards. His failure to do so to date is reason to conclude he cannot do so. No reasonable purpose would be served by yet again giving him the same guidelines and another opportunity to try to meet them. Leave to amend is denied.

**V.     CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   January 29, 2014             /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE